UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CAROL WILLIAMS**                                    *        **CIVIL ACTION**

**VERSUS**                                                *        **NUMBER: 06-6759**

**ALLSTATE INSURANCE COMPANY, ET AL.**     *        **SECTION "L"(2)**

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 7). For the following reasons, the Plaintiffs' motion is GRANTED.[1]

**I. BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home located at 187 North Street in Port Sulphur, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Allstate Indemnity Company ("Allstate"),[2] the Plaintiff's homeowner's insurance carrier, Keith Buccola, an Allstate agent, and Maria Figueroa, an Allstate claims representative.

On August 23, 2006, the Plaintiff filed the present action in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana. The Plaintiff alleges that she is entitled to payment from Allstate for damages and losses to the property, in addition to bad-faith penalties under Louisiana law. The Plaintiff also alleges that Buccola, an Allstate agent, made various misrepresentations and failed to inform her of potential gaps in insurance coverage and

---

[1] Accordingly, the parties in this case need not appear for the joint early status conference on February 8, 2007.

[2] The Defendant was improperly named as Allstate Insurance Company in the petition.

1

failed to procure adequate insurance. Lastly, the Plaintiff alleges that Figueroa, an Allstate adjuster, is liable for failing to adjust the Plaintiff's claim in good faith.

Allstate removed this case to federal court on September 28, 2006, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because Buccola and Figueroa are improperly joined and the amount in controversy exceeds $75,000. On October 26, 2006, the Plaintiff filed the instant motion to remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Allstate contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiff and the properly joined Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

Specifically, Allstate asserts that diversity jurisdiction exists because Buccola and Figueroa, the non-diverse defendants, were improperly joined and, therefore, that the Court must disregard their citizenship. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th

Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant[s] in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

In this case, the Plaintiff alleges that Buccola misrepresented the terms of the insurance policy and failed to adequately explain the policy exclusions and limitations. Without further factual development, the Court cannot conclude that the Plaintiff has no possibility of recovery against Buccola in this case. *See, e.g., Maco Serv., Inc. v. Allstate Ins. Co.*, No. 06-8117, 2006 WL 3905002 (E.D. La. Dec. 18, 2006); S. *Athletic Club, LLC v. Hanover Ins. Co.*, No. 06-2605, 2006 WL 2583406 (E.D. La. Sept. 6, 2006).[3]

---

[3] In the alternative, Allstate argues that Buccola and Figueroa are improperly joined because the Plaintiff's claims against these defendants and Allstate arise out of completely separate transactions and occurrences and involve separate issues of law and fact. The Court finds, however, that the joinder of the Plaintiff's claims against Allstate, Buccola, and Figueroa is not "so egregious as to constitute fraudulent joinder," as these claims arise from damages sustained to the Plaintiff's property during Hurricane Katrina. *See Barash v. Encompass Indem. Co.*, No. 06-9438, 2006 WL 3791310, at *5 (E.D. La. Dec. 21, 2006) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and discussing similar cases).
    Having found that diversity of citizenship does not exist, the Court need not consider whether Figueroa has been improperly joined or whether the amount-in-controversy requirement has been satisfied.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED and that this matter is hereby REMANDED to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

New Orleans, Louisiana, this  1st  day of   February  , 2007.

                                                   UNITED STATES DISTRICT JUDGE